IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox, #75206, ) | C/A No. 8:16-1914-TMC-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| State of SC; Warden of Perry Correctional ) Institution, ) | |
| Respondent. ) | |
| _____) | |

Paul Leslie Cox ("Petitioner"), proceeding pro se and *in forma pauperis*, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner is a prisoner committed to the South Carolina Department of Corrections ("SCDC"), and he is incarcerated at Perry Correctional Institution. It is recommended that the Petition be summarily dismissed and that a narrowly tailored pre-filing injunction be entered against Petitioner as set forth herein.

## **BACKGROUND**

Petitioner brings this action pursuant to 28 U.S.C. § 2254, challenging his sentence of life without parole for the crime of kidnaping entered by guilty plea in the Spartanburg County Court of General Sessions on April 16, 1987. [Doc. 1.] He requests his freedom from SCDC custody. [*Id.*] He alleges he received a sentence of "natural life." [*Id.*]

He seems to attack his indictment by contending there is no such code of law in South Carolina (i.e., the indictment was invalid). [*Id.*] He also alleges a plea violation because his sentence was not back dated to 6-16-1983. [*Id.*] He alleges the Omnibus Crime Bill that enhanced his kidnapping sentence from ten years to life to life without parole is unconstitutional in violation of double jeopardy. [*Id.*]

Further, he alleges that a state order restricting his future filings is unconstitutional, and he attached a copy of the order. [*Id.*] He refers this Court to read the state order restricting his future filings because "everything is listed in this order concerning this case." [*Id.*] He attached to the Petition, among other documents, a copy of a November 2014 state court order from the Seventh Judicial Circuit, Spartanburg County, that restricts Petitioner from filing certain future actions in part because he has filed numerous post conviction relief ("PCR") actions.[1] [Doc. 1-1 at 5–15.]

This Court takes judicial notice that Petitioner filed his first federal habeas action pursuant to § 2254 seeking to attack this same conviction and sentence in 2010, and this Court decided the case on the merits. *See Cox v. Warden, Lieber Corr. Inst.*, C/A No. 3:10-3239-HFF-JRM, 2011 WL 1362289, at *1 (D.S.C. April 11, 2011); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Thereafter, Petitioner has filed three separate § 2254 actions seeking to attack the same conviction and sentence; each of those actions has been dismissed by this Court because it was a successive § 2254 action and Petitioner had not obtained authorization to file it from the Fourth Circuit Court of Appeals. *See* Report and

---

[1]This Court takes judicial notice that the Greenville County Court of Common Pleas entered an Order to Restrict Future Filings against Petitioner on March 6, 2014. *See* Greenville County 13th Judicial Circuit Public Index, http://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (enter "Paul L. Cox" and "search," click on "2013CP2301500" and "Actions") (last visited Sept. 9, 2016); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").

Recommendation, *Cox v. State of South Carolina*, C/A No. 8:15-2559-TMC-JDA (D.S.C. July 9, 2015), ECF No. 12, *Report and Recommendation adopted by*, ECF No. 15 (D.S.C. July 30, 2015) (explaining the history of Petitioner's § 2254 actions attacking this same conviction and sentence).

On July 21, 2016, in the instant case, this Court entered an Order for Petitioner to show cause why he should not be placed under a pre-filing injunction to prohibit him from filing in this Court future habeas corpus actions pursuant to § 2254 seeking to vacate, overturn, release from, or otherwise attack his April 16, 1987, conviction of kidnapping in the Spartanburg County Court of General Sessions and sentence of life imprisonment until he has obtained authorization from the Fourth Circuit Court of Appeals to file a successive action. [Doc. 11.] Petitioner was directed to file a written response within twenty-one (21) days (plus three days for mail time) to explain why this Court should not enter such a pre-filing injunction against him. [*Id.*] Petitioner has failed to respond, and the time for response has lapsed.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

I.     Merits of this Habeas Petition

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651 ... (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas

> application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(c); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

This § 2254 action should be dismissed because it is successive to Petitioner's first § 2254 action, *Cox v. Warden, Lieber Corr. Inst.*, C/A No. 3:10-3239-HFF-JRM, which was decided on the merits. *See Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely); *Griffin v. Padula*, 518 F. Supp. 2d 680, 687 (D.S.C. 2007) (a petition's dismissal based upon the one-year AEDPA statute of limitations is an adjudication on the merits that results in subsequent § 2254 petitions being designated as successive).

As discussed above, before Petitioner filed this action in the United States District Court for the District of South Carolina, he was required to obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the instant Petition, this Court does not have jurisdiction to consider it. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003).

II.     <u>Pre-filing Injunction Related to Future Actions</u>

Although mindful that a pre-filing injunction is a drastic remedy to be used sparingly, this Court finds that a narrowly tailored pre-filing injunction is warranted in this instance. When determining whether a pre-filing injunction is warranted, a court is required to weigh

5

>all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818.  A court must enter a pre-filing injunction order sparingly because it is a drastic remedy, and it should remain the exception to the general rule of free access to the courts.  *Id.* at 817–18.  However, a court has authority pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to limit access to this Court by a vexatious and repetitive litigant.  *Id.* at 817.

As described above, after Petitioner litigated a § 2254 habeas action in this Court attacking his April 16, 1987, conviction of kidnapping in Spartanburg County and sentence of life imprisonment, and it was decided on the merits, Petitioner filed three separate § 2254 actions seeking to attack the same conviction and sentence.  Each of those actions was dismissed by this Court because it was a successive § 2254 action and Petitioner had not obtained authorization to file it from the Fourth Circuit Court of Appeals.  *See* Report and Recommendation, *Cox v. State of South Carolina*, C/A No. 8:15-2559-TMC-JDA (D.S.C. July 9, 2015), ECF No. 12, *Report and Recommendation adopted by*, ECF No. 15 (D.S.C. July 30, 2015) (explaining the history of Petitioner's § 2254 actions attacking this same conviction and sentence).

In those prior cases, this Court has repeatedly explained to Petitioner that he is not allowed to bring another § 2254 habeas action in this Court challenging the same conviction and sentence until after he obtains leave (*i.e.*, written permission) to file it from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C.

§ 2244(b)(3). However, Petitioner again filed the instant action without first obtaining permission from the Fourth Circuit Court of Appeals to do so. Thus, Petitioner continues to waste judicial resources by requiring judges, court staff, and clerk's office staff to work on his repetitive and frivolous § 2254 actions that this Court lacks jurisdiction to consider.

As explained above, on July 21, 2016, this Court entered an Order for Petitioner to show cause why he should not be placed under a pre-filing injunction to prohibit him from filing in this Court future habeas corpus actions pursuant to § 2254 seeking to vacate, overturn, release from, or otherwise attack his April 16, 1987, conviction of kidnapping in the Spartanburg County Court of General Sessions and sentence of life imprisonment until he has obtained authorization from the Fourth Circuit Court of Appeals to file a successive action. [Doc. 11.] Petitioner was directed to file a written response within twenty-one (21) days (plus three days for mail time) to explain why this Court should not enter such a pre-filing injunction against him. [*Id.*] Petitioner has failed to respond, and the time for response has lapsed.

Accordingly, this Court gave Petitioner notice and opportunity to be heard before a pre-filing injunction was entered. *See Cromer v. Kraft Foods North Am., Inc.,* 390 F.3d 812, 819–20 (4th Cir. 2004); *see also, e.g.*, *Rogers v. Rushton*, C/A No. 8:08-2883-MBS, 2010 WL 478826 (D.S.C. Feb. 4, 2010). And, this Court weighs the following factors related to whether to impose such an injunction: (1) the instant action is Petitioner's fourth successive § 2254 action seeking to attack the same conviction and sentence, so he has insisted on filing duplicative lawsuits; also, Petitioner has a history of filing meritless civil actions in this Court because the three strikes rule under 28 U.S.C. § 1915(g) applies to his future civil

actions[2]; (2) even if Petitioner believes his conviction and sentence are wrongful, he does not have a good faith basis for continuing to file § 2254 actions without first obtaining permission from the Court of Appeals—he should know by now that this Court lacks jurisdiction to consider such a habeas action; (3) the burden on this Court resulting from Petitioner's repetitive § 2254 filings has been great; and (4) despite the fact that Petitioner has been instructed several times to obtain permission from the Court of Appeals prior to filing a § 2254 action challenging the same conviction and sentence, he continues to do so; thus, an adequate alternative sanction does not seem appropriate or available. *See Cromer,* 390 F.3d at 819–20. Moreover, Petitioner's silence in the face of this Court's warning that a pre-filing injunction was being considered goes to the second and fourth factors—he has not asserted a good faith basis for pursuing this type of litigation and he has not contended that a pre-filing injunction is too drastic.

Therefore, this Court finds that the following pre-filing injunction is warranted:

1. Upon Petitioner submitting a habeas corpus Petition pursuant to 28 U.S.C. § 2254 that seeks to attack his Spartanburg County April 16, 1987, kidnapping conviction and/or sentence of life imprisonment, the Clerk of Court shall assign a case number (for docket control purposes) and send the case to the assigned magistrate judge for review in order for the magistrate judge to determine whether Petitioner alleges he has written permission from the Court of Appeals to file the action.

---

[2]*See, e.g., Cox v. Dudek*, C/A No. 8:15-2856-TMC (D.S.C. Sept. 30. 2015), ECF No. 12 (dismissing the § 1983 civil action without prejudice under the three strikes rule of 28 U.S.C. § 1915(g)).

2. When appropriate, the magistrate judge shall direct Petitioner to provide written authorization from the Court of Appeals within a certain time frame.

3. Should Petitioner fail to provide written authorization from the Court of Appeals within the certain time frame, the action will be dismissed without prejudice and without issuance and service of process.

## **RECOMMENDATION**

Accordingly, it is recommended that this action be dismissed *without prejudice* and without requiring the Respondent to file an answer or return. Further, it is recommended that the Court enter a pre-filing injunction as set forth above. **Petitioner's attention is directed to the important notice on the next page.**

September 12, 2016                              S/Jacquelyn D. Austin
Greenville, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).